United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Damion Samuel Rose, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 17-61602-CIV-SCOLA |
| | ) |
| Lee Ann Nicole Blake, | ) |
| Defendant. | ) |

## Amended Order Granting Temporary Restraining Order and Setting Hearing

This matter is before the Court on the Plaintiff's Verified Complaint and Petition Under Hague Convention For Return of the Child to Plaintiff/Petitioner (ECF No. 1). In the Complaint, the Plaintiff requests an immediate temporary restraining order prohibiting the removal of his son from the jurisdiction of this Court. (*Id.* at 9.) Upon review of the Complaint, the Court grants the request for a temporary restraining order.

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

The Complaint alleges that the Defendant has wrongfully removed the Plaintiff's son, D.A.R., from Belgium to Florida in violation of the Belgian Civil

Code and Articles 3 and 5 of the Hague Convention. (Compl. ¶¶ 23-28.) The Plaintiff alleges that the Defendant is in the United States under a tourist visa, and that he is concerned that she will flee to Jamaica with D.A.R. when the visa expires. (*Id.* ¶ 31.) Jamaica is not bound by the Hague Convention. (*Id.*) The allegations in the Complaint are sufficient to demonstrate that the Plaintiff has a substantial likelihood of success on the merits; that irreparable injury will be suffered if a temporary restraining order is not granted; that the threatened injury outweighs the harm that a temporary restraining order will inflict on the Defendant; and that the entry of a temporary restraining order will serve the public interest.

Therefore, it is **ordered and adjudged** that the Plaintiff's request for a temporary restraining order is hereby **granted** as follows:

(1)    The Defendant, Lee Ann Nicole Blake, is prohibited from removing the minor D.A.R. from the jurisdiction of this Court pending a hearing on the merits of the Complaint;

(2)    No person acting in concert or participating with the Defendant shall take any action to remove D.A.R. from the jurisdiction of this Court pending a hearing on the merits of the Complaint;

(3)    This Order shall remain in effect until the date for the hearing set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(4)    The U.S. Marshals are **directed** to serve a copy of this Amended Order and the Complaint on the Defendant at 14058 S. Forest Oak Circle, Davie, FL 33325 by August 15, 2017, or as soon as practicable. In addition, the U.S. Marshals are directed to seize the Defendant and D.A.R.'s passports;

(5)    A hearing is set before this Court in the United States Courthouse located at 400 North Miami Avenue, Miami, Florida, 33128, Courtroom 12-3, on **August 18, 2017, at 8:30 a.m.**, at which time the Defendant may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on the merits of the Plaintiff's Complaint;

(6)    Any response or opposition to the Complaint must be filed and served on the Plaintiff's counsel by **August 17, 2017**, and filed with the Court, along with Proof of Service.

**Done and ordered** at Miami, Florida, on August 14, 2017.

Robert N. Scola, Jr.
United States District Judge